UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DARREN GUAY, *et al.*, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00179-LEW |
| | ) | |
| TOWN OF BERWICK, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION
FOR TEMPORARY RESTRAINING ORDER**

On April 8, 2026, Plaintiff Darren Guay filed a complaint and *ex parte* motion for temporary restraining order.  He did not pay the filing fee.  Nor did he file a financial affidavit in support of an application to proceed without payment on the filing fee.  *Ex parte* injunctive relief is never awarded as of right and is extraordinary in nature, particularly as it requests relief without giving the opposing party an opportunity to be heard.  *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011); *Baber v. Dunlap*, 349 F. Supp. 3d 68, 74 (D. Me. 2018).

Based on the complaint allegations, which Mr. Guay has verified, in early March, 2026, a fire destroyed much of a residential property located on Riley Lane in Berwick, leaving it exposed to the elements.  Mr. Guay lived in the residence with two other individuals, who evidently are the owners of the property.[1]  Evidently, the Town of

---

[1] Mr. Guay says in the complaint that he represents the other residents in this matter.  However, a *pro se* litigant cannot appear in court on behalf of someone else.  Only an attorney is authorized to represent others

Berwick has determined that the property is dangerous and has barred entry pursuant to Maine law, 17 M.R.S. §§ 2851 *et seq.*, which provides for notice and a hearing.  As alleged, entry to the property has been barred and law enforcement once removed (or arrested) Mr. Guay for trying to perform self-help abatement, which he alleges he is trained to perform. Mr. Guay states that the Town provided two days for the removal of personal property and that the occupants' physical conditions and lack of funds meant they had too little time and money for too much recovery work.  Although he states that the vast majority of his personal property has since been destroyed by the elements, Mr. Guay seeks an injunction that orders the Town to give him unrestricted access to the premises for a period of fourteen days.  For cause, Mr. Guay claims the deprivation of due process, an unlawful arrest, and a refusal to accommodate his physical disabilities by granting additional time for the removal of personal property.

## DISCUSSION

The standard for issuing a temporary restraining order is "the same as for a preliminary injunction." *Bourgoin v. Sebelius*, 928 F. Supp. 2d 258, 267 (D. Me. 2013) (citations and quotation marks omitted). Specifically, the record before the Court must demonstrate that the plaintiff is likely to succeed on the merits of a claim for which injunctive relief is available; that the plaintiff is likely to suffer irreparable harm absent interim relief; that the balance of equities between or among the parties tips in the plaintiff's favor; and that providing the requested relief will not harm the public interest. *Arborjet,*

---

in court proceedings, with only rare exceptions. *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982).

*Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 171 (1st Cir. 2015). As the party seeking injunctive relief – and as the only party presently before the Court – the plaintiff necessarily bears the burden of establishing that the factors favor the award of a temporary restraining order. *Nat'l Org. for Marriage v. Daluz*, 654 F.3d 115, 117, 119-20 (1st Cir. 2011).

I am unconvinced by Mr. Guay's opening presentation that the Town of Berwick has deprived him of a property interest for which the State of Maine does not afford a remedy and that a temporary restraining order is required to prevent irreparable injury. Maine law affords a hearing process in connection with dangerous building determinations. Mr. Guay has a state authorized procedure through which he might pursue relief.  The loss of personal property, furthermore, is not irreparable injury.  The law affords a remedy for the wrongful destruction of personal property in the form of an award of money damages. Incidentally, it is also alleged that the vast majority of Mr. Guay's property is already destroyed.  The equities are also not clearly in Mr. Guay's favor.  The Town has declared the property unsafe, and that warrants a measure of caution that a TRO motion should not easily override.  Additionally, Mr. Guay is not the owner of the property and the owners, who have not yet appeared in this proceeding and cannot appear through Mr. Guay, have an interest in being heard in regard to others accessing the premises.

## CONCLUSION

In conclusion, Mr. Guay's request for Temporary Restraining Order is DENIED (ECF No. 3) based on the lack of payment of the filing fee, the absence of a financial affidavit in support of an application to proceed without payment, and the failure to meet

the TRO standard.  If Mr. Guay intends to proceed with his claims, he must pay the filing fee or file a complete application with a financial affidavit to obtain leave to proceed without such payment.

**SO ORDERED.**

Dated this 10th day of April, 2026.

/s/ Lance E. Walker
CHIEF U.S. DISTRICT JUDGE