UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DARREN GUAY, *et al.*, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00179-LEW |
| | ) | |
| TOWN OF BERWICK, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND
SCREENING IN PART PLAINTIFFS' AMENDED COMPLAINT**

On April 8, 2026, Plaintiff Darren Guay filed a complaint and *ex parte* motion for temporary restraining order (TRO).  On April 10, 2026, the Court denied the motion in a written order (ECF No. 4).  On April 13, Mr. Guay and Plaintiffs Mary Downing and Rod Downing filed their Amended Complaint (ECF No. 5) and a renewed TRO motion (ECF No. 6).  Mr. Guay and Ms. Downing also obtained leave to proceed without prepayment of the filing fee.  Their TRO motion is therefore before the court.  Additionally, pursuant to 28 U.S.C. § 1915(e)(2), their Amended Complaint is now before the Court for screening to ensure that only those defendants against whom a claim is stated are served with a court summons that compels them to appear and answer.

**Background**

Based on the allegations of the Amended Complaint, which are verified, in early March, 2026, a fire destroyed much of a residential property located on Riley Lane in Berwick, leaving it exposed to the elements.  Plaintiffs Darren Guay, Mary Downing, and

Rod Downing[1] lived together in the residence.  Evidently, the Town of Berwick has determined that the property is dangerous and has barred entry.  As alleged, one or more members of municipal law enforcement once arrested Mr. Guay for trying to perform self-help abatement, which he alleges he is trained to perform.  Plaintiffs allege that the Town provided them with only two days for the removal of their personal property and that Plaintiffs' physical disabilities and lack of funds meant they had too little time and money for too much recovery work.

Plaintiffs allege that most of their personal property that remains in the residence is a total loss, but they also allege that irreplaceable items remain that they would recover if allowed.  Plaintiffs request an immediate injunction that orders the Town and the other named defendants to refrain from interfering with their access to the property for a period of fourteen days.  The other named defendants are Arthur Capello, Dennis Plante, Timothy Towne, Terry Wilson and ten John Does.  Other than stating these names in its caption, the Amended Complaint does not offer any factual allegations concerning the individual defendants.

DISCUSSION

**A.      Screening the Amended Complaint**

Title 28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals who cannot pay the filing fee.  However, when a party is proceeding pursuant to § 1915, "the court shall dismiss the case at any time if the court determines,"

---

[1] Of the three Plaintiffs, Rod Downing has yet to either pay the filing fee or file a completed petition for leave to proceed without paying the filing fee.

among other things, that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Such dismissal orders are generally employed to prevent service of a complaint on a defendant who would incur expenses or be inconvenienced in answering a complaint even though the complaint clearly fails to state a claim against them. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether the Plaintiffs' Amended Complaint states a claim for which relief may be granted against any of the Defendants, I must assume that all of the Plaintiffs' well-plead facts are true and give the Plaintiffs the benefit of whatever reasonable inferences arise from those facts. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). So construed, a complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, because the Plaintiffs are self-represented, their pleadings must be "liberally construed," meaning they "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Still, even self-represented plaintiffs are required "to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

For purposes of the § 1915(e)(2) screening process, judicial scrutiny need not be overly pedantic. Here, although there are special rules that govern when claims are asserted against a municipality as opposed to an individual municipal office holder, the current allegations are minimally sufficient to justify service of the Amended Complaint and a

3

summons on the Town of Berwick.  As for the individual defendants, however, they will not be served to spare them the inconvenience and expense of answering a complaint that quite clearly would succumb to a motion to dismiss.  After all, the Amended Complaint does not provide any factual allegations concerning their offices or their individual conduct.  In effect, Plaintiffs' claims against the individual defendants are dismissed without prejudice to Plaintiffs' ability to file a second amended complaint.

**B.      Motion for TRO**

A motion for a TRO seeks *ex parte* relief, meaning relief that is awarded before the opposing party is heard  in defense.  *Ex parte* injunctive relief is never awarded as of right and is extraordinary in nature precisely because it requests relief without giving the opposing party an opportunity to be heard.  *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011); *Baber v. Dunlap*, 349 F. Supp. 3d 68, 74 (D. Me. 2018).  The standard for issuing a temporary restraining order is "the same as for a preliminary injunction," *Bourgoin v. Sebelius*, 928 F. Supp. 2d 258, 267 (D. Me. 2013) (citations and quotation marks omitted), but it is also informed by certain additional requirements under Rule 65(b) of the Federal Rules of Civil Procedure.

As for the core legal requirements for early injunctive relief, the record before the Court must demonstrate that the Plaintiffs are likely to succeed on the merits of a claim for which injunctive relief is available, the Plaintiffs are likely to suffer irreparable harm if immediate injunctive relief is not provided, the balance of equities between or among the parties tips in the Plaintiffs' favor, and the requested relief will not upset the public interest. *Planned Parenthood Fed'n of Am., Inc. v. Kennedy*, 162 F.4th 155, 166 (1st Cir. 2025).  As

4

the party seeking injunctive relief—and as the only party presently before the Court—the Plaintiffs necessarily bear the burden of establishing that their request meets these requirements. *Id.* Additionally, in the specific context of a TRO motion, a court must consider whether the asserted irreparable injury "will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Additionally, the movant must certify that efforts were taken to give the adverse party notice or else explain why notice should not be required. *Id.*

Plaintiffs' claims assert a due process deprivation, the failure to accommodate disabilities, and, for Mr. Guay, an unreasonable seizure or arrest. Of these claims, arguably the due process claim is the one most likely to correspond with injunctive relief that affords Plaintiffs the right to access their property without municipal interference. Conceivably, therefore, there is a claim in this case that could support an injunction. But setting to one side for the moment the likelihood of Plaintiffs' success on this claim, I find that Plaintiffs have not demonstrated the kind of irreparable injury that is necessary in the context of a motion for a TRO. If Plaintiffs have irreplaceable personal property on the premises that has survived destruction to this date, it seems likely that the items could endure for the additional amount of time needed to permit Defendants to be heard. Additionally, and without prejudice to the Plaintiffs, without additional facts the balance of equities is very difficult to measure here. As a neutral arbiter presiding over a legal dispute that calls for an adversarial process, on the current verified allegations I have no reliable means of judging the wisdom of Plaintiffs entering a burned out residence on their own or determining whether there are conditions that would make such access safe. For these

reasons, Plaintiffs' case is assessed to be a poor candidate for a TRO and the renewed motion for TRO will be denied. In short, the case for early injunctive relief warrants a rebuttal, and a rebuttal can only come in the context of a motion for preliminary injunction, after the Town of Berwick is served.

## CONCLUSION

Plaintiffs' request for Temporary Restraining Order is DENIED (ECF No. 6). The Clerk will refer the matter for service upon the Town of Berwick by the United States Marshals Service. Upon the Court's receipt of the Marshals' return of service, Plaintiffs Darren Guay and Mary Downing may file a motion for preliminary injunction. Plaintiff Rod Downing may join in that motion if he first pays the filing fee or files a successful motion to proceed without payment that is supported by a financial affidavit demonstrating his inability to pay. Plaintiffs' claims against the individual defendants are dismissed without prejudice to the filing of a second amended complaint.

**SO ORDERED.**

Dated this 16th day of April, 2026.

/s/ Lance E. Walker
CHIEF U.S. DISTRICT JUDGE