UNITED STATES DISTRICT COURT DISTRICT OF MAINE PORTLAND DIVISION

DARREN GUAY,

MARY DOWNING, and                    Civil Action No.: 2:26-cv-00179-LEW

 ROD DOWNING,

Plaintiffs,

v.

TOWN OF BERWICK,

 Defendants.


**EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65 (Relief Requested IMMEDIATELY Without Notice to Prevent Irreversible Bulldozing/Demolition)**


Plaintiffs Darren Guay and Mary Downing (with Rod Downing's claims subject to the pending Recommended Decision on dismissal for procedural fee issues, which does not affect the merits or this emergency relief), proceeding pro se with documented disabilities and as authorized representatives, respectfully move this Court for an immediate ex parte Temporary Restraining Order and Preliminary Injunction to STOP THE BULLDOZING, DEMOLITION, DISPOSAL, OR ANY FURTHER DESTRUCTION of the property at 17 Rileys Run, Berwick, Maine. This motion supplements the Verified Complaint (ECF No. 1), the Renewed Motion for TRO/PI, and all prior filings. It is brought under Fed. R. Civ. P. 65, 42 U.S.C. § 1983 (14th Amendment due process and 4th Amendment seizure), Title II of the ADA (42 U.S.C. § 12132), Monell municipal liability, and supplemental jurisdiction over related state

claims (17 M.R.S. §§ 2851–2860 dangerous buildings violations, M.R.Civ.P. 80B, Maine Constitution, Maine Civil Rights Act).

## I. INTRODUCTION AND GROUNDS FOR EX PARTE RELIEF

The Town of Berwick has created a self-inflicted "emergency" through systematic violations of their own Land Use Ordinance, Maine's dangerous buildings statutes (17 M.R.S. §§ 2851–2857), and the U.S. and Maine Constitutions. They are now poised to bulldoze or demolish the fire-damaged structure at 17 Rileys Run — an act that would cause immediate, irreversible, and irreparable harm.

Under Fed. R. Civ. P. 65(b), an ex parte TRO is proper without notice where specific facts in the verified complaint and affidavits clearly show immediate and irreparable injury, loss, or damage will result before the adverse party can be heard, and the movant's attorney certifies efforts made to give notice (or reasons why notice should not be required). Bulldozing is the ultimate irreparable act: once executed, the property, evidence of the Town's negligence and procedural misconduct, personal belongings (including deceased pets' remains), and constitutional rights are permanently destroyed. Monetary damages cannot compensate for unique real property or irreplaceable losses.

Plaintiffs incorporate by reference the Verified Complaint, all prior motions and exhibits, the state court Verified Complaint (York County Superior Court, filed May 21, 2026), and the full record of the Town's violations. The Town's dangerous-building process is void ab initio. We seek to overturn every procedural shortcut, code violation, and constitutional breach they committed.

## II. STATEMENT OF FACTS DEMONSTRATING IMMINENT IRREPARABLE HARM AND CONSTITUTIONAL VIOLATIONS

1. Early March 2026 fire caused initially manageable structural damage. Plaintiffs (documented occupants and authorized agents, with Plaintiff Guay's 20+ years specialized post-fire recovery expertise through "Those Guys") stood ready to inspect, stabilize, board up, and remediate at their own expense.

2. Town unilaterally "secured" the property without personal service of notice under 17 M.R.S. § 2857 (requiring M.R.Civ.P. 4-style service), without any adjudicatory hearing before municipal officers, and without competent inspection allowing Plaintiffs to observe or contest findings. This constituted a de facto physical seizure of real and personal property without due process, violating the 4th and 14th Amendments, Maine Const. Art. I §§ 5 & 6-A, and 42 U.S.C. § 1983.

3. """Defective notice only: On or about May 1, 2026, publication in a local newspaper with an arbitrary May 19, 2026 deadline. The Town knew Plaintiffs' addresses (25 Tamarack Drive, South Berwick; power of attorney for Linda Downing; Rod Downing's notarized, irrevocable authorization) yet deliberately avoided personal or certified mail service. This violates § 2857, M.R.Civ.P. 4, the Due Process Clause (Mathews v. Eldridge; Mullane; Mennonite Board of Missions v. Adams), and renders the entire proceeding void.

4. Total denial of access since shortly after the fire. On March 25, 2026, Plaintiff Guay was harassed, intimidated, and arrested by Berwick police while lawfully attempting to retrieve belongings and board up the structure — actions contemplated and encouraged by Maine's dangerous-building statutes.

This was retaliatory, without justification, and constitutes an unreasonable seizure (4th Amendment), interference with property rights (§ 1983 and Maine Civil Rights Act, 5 M.R.S. § 4681 et seq.), and abuse of process.

5. Town's own negligent and inadequate securing left the property exposed to looters, vandals, and the elements for weeks (heavy rain March 20–21, 2026; repeated freeze-thaw cycles). This directly escalated manageable damage into near-total destruction of personal property and accelerated structural deterioration — conditions the Town now cites as justification. This triggers estoppel, impossibility, and negligent undertaking liability (Restatement (Second) of Torts § 323). The Town cannot benefit from harms it caused.

6. No competent inspection or evidentiary foundation. No inspection was conducted with Plaintiffs' knowledge or participation. Any "findings" of dangerousness are based on speculation and incomplete assessment, not substantial evidence as required by 17 M.R.S. § 2851(2-A). No proof of actual, substantial, and unreasonable public harm exists (Rodrigue v. Rodrigue standard). The process fails 80B review and constitutional scrutiny.

7. Disability discrimination and failure to accommodate: Plaintiffs have documented disabilities (Guay: lumbar disc injuries, arthritis, PTSD, knee issues substantially limiting major life activities; Mary: rotator cuff and PTSD; Rod: Asperger's/ASD traits). The Town provided zero reasonable accommodations in notice formats, timelines, hearing access, or representative participation. This independently violates Title II of the ADA (42 U.S.C. § 12132; Tennessee v. Lane) and the Maine Human Rights Act. Code enforcement and dangerous-building proceedings are covered "services, programs, or activities."

8. Imminent bulldozing/demolition threat: The defective May 19, 2026 deadline has lapsed or been extended; the Town's actions and communications indicate they are moving forward with demolition or bulldozing under the void process. Any such act is irreversible and would: (a) destroy the structure and contents; (b) eliminate critical evidence of the Town's negligence, procedural violations, and self-created "emergency"; (c) effect a permanent unconstitutional taking without just compensation (5th/14th Amendments; Loretto v. Teleprompter; Cedar Point Nursery v. Hassid; Me. Const. Art. I § 21; 33 M.R.S. § 1); and (d) cause ongoing emotional and physical harm to disabled Plaintiffs already displaced with 18 cats in inadequate conditions.

9. These actions reflect Monell municipal liability — a policy, custom, or deliberate indifference by the Town (through Capello, Wilson, Towne, Plante, and others) of bypassing due process, blocking owners, and using police power to manufacture pretexts for demolition. The Town Manager's prior correspondence contained legal errors confirming this pattern.

## III. LEGAL STANDARD — STRONG LIKELIHOOD OF SUCCESS ON THE MERITS

Fed. R. Civ. P. 65 requires showing: (1) likelihood of success on the merits; (2) irreparable harm absent relief; (3) balance of equities favors Plaintiffs; (4) public interest supports relief. All four factors weigh heavily in Plaintiffs' favor.

### Likelihood of Success: Extremely High

- **14th Amendment Procedural & Substantive Due Process (§ 1983)**: Protected property interests were deprived without adequate notice,

meaningful opportunity to be heard, or competent evidence. The Town's process is arbitrary and bears no rational relationship to legitimate interests when Plaintiffs were ready/able to remediate and the Town caused the escalation.

- **4th Amendment Unreasonable Seizure (§ 1983)**: "Securing" the property and the March 25 arrest constituted unreasonable seizures of property and person.

- **Title II ADA & MHRA**: Zero accommodations for documented disabilities in core governmental proceedings.

- **Monell Liability**: Policy/custom of procedural shortcuts and retaliation.

- **Takings/Inverse Condemnation**: Denial of access + threat of bulldozing = physical and regulatory taking without just compensation.

- **State Law Violations as Evidence**: The entire dangerous-building process violates 17 M.R.S. §§ 2851–2857 (personal service, hearing, specific findings, rehabilitation opportunity) and Berwick's Land Use Ordinance. These statutory breaches prove the constitutional violations and support supplemental claims/80B review. The process is void; estoppel and impossibility bar enforcement.

Prior court concerns (filing fee/IFP now being addressed; pro se representation limits addressed by focusing on Darren/Mary) do not diminish the strength of these claims or the emergency nature of this motion.

**Irreparable Harm**: Bulldozing is permanent and irreparable. Loss of real property, irreplaceable personal/sentimental items, evidence, and constitutional rights cannot be

fully remedied by money damages. Continued denial exacerbates physical disabilities and emotional distress.

**Balance of Equities & Public Interest**: Strongly favor Plaintiffs. The Town's purported safety interest is pretextual and self-created. Limited, supervised access for inspection/stabilization poses no meaningful risk. Public interest demands upholding due process, preventing unconstitutional takings and government overreach, and ensuring accountability.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court IMMEDIATELY:

A. Issue an Ex Parte Temporary Restraining Order (without notice to Defendants, given the imminent risk of bulldozing rendering relief moot) restraining and enjoining Defendants, their officers, agents, employees, contractors, and all persons acting in concert or participation with them, from:

- Demolishing, bulldozing, razing, removing, disposing of, or further altering, damaging, or interfering with the structure or any contents at 17 Rileys Run, Berwick, Maine;
- Enforcing, implementing, or taking any further action pursuant to any dangerous-building determination, order, deadline, or proceeding related to the property;
- Further restricting or denying Plaintiffs' access in a manner that prevents inspection, stabilization, or salvage.

B. Schedule an expedited hearing on the motion for Preliminary Injunction (at the earliest practicable time, ideally within days) and, after hearing, enter a Preliminary Injunction continuing the above restraints pending final resolution of this action.

C. Order Defendants to immediately grant Plaintiffs (and/or their designated experts/representatives) reasonable supervised or unsupervised access to 17 Rileys Run for a minimum of fourteen (14) consecutive days (or such longer period as the Court deems necessary) to inspect, document, stabilize, board up, pump water, remove hazards, and salvage personal property.

D. Stay all Town enforcement actions related to the property pending further order of this Court.

E. Preserve all evidence and require Defendants to maintain the status quo.

F. Award such other and further relief as the Court deems just and proper, including but not limited to coordination with the parallel state court 80B proceeding, preservation orders, and referral of Individual Defendants' conduct for appropriate oversight.

Plaintiffs are prepared to post any bond the Court requires (or request waiver consistent with IFP/disability status and the nature of the relief).

**CERTIFICATION PURSUANT TO FED. R. CIV. P. 65(b)**: Undersigned certifies that prior efforts to provide formal notice were not undertaken before this emergency filing because of the clear and present danger that bulldozing or demolition could occur imminently, rendering any relief moot and causing immediate irreparable harm. Notice will be effected immediately upon issuance of any order, via the methods

previously used in this case (certified mail, email where available, and hand delivery where practicable). The verified complaint and supporting materials set forth specific facts establishing the need for ex parte relief.

Respectfully submitted,

*DARREN GUAY*

Darren Guay (Pro Se, Authorized Representative for Plaintiffs)

25 Tamarack Drive,

 South Berwick, ME 03908

207.200.6982

DARRENGUAY@GMAIL.COM

Date: June _16_, 2026