UNITED STATES DISTRICT COURT DISTRICT OF MAINE PORTLAND DIVISION

DARREN GUAY, MARY DOWNING, and ROD DOWNING, Plaintiffs,

v.

TOWN OF BERWICK, ARTHUR CAPELLO, TERRY WILSON, TIMOTHY TOWNE, DENNIS PLANTE, and JOHN DOES 1–10, Defendants.

Civil Action No.: 2:26-cv-00179-LEW

PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE KAREN FRINK WOLF'S RECOMMENDED DECISION DATED JUNE 10, 2026, AND MEMORANDUM IN SUPPORT OF DE NOVO REVIEW AND RETENTION OF ALL PLAINTIFFS' CLAIMS

Plaintiffs Darren Guay and Mary Downing, proceeding pro se with documented physical and cognitive disabilities, and on behalf of Rod Downing (who holds a direct property interest as mortgage holder and documented occupant with full notarized authorization granted to Darren Guay and Mary Downing), hereby submit these **Objections** to the Magistrate Judge's Recommended Decision recommending dismissal of Rod Downing's claims for failure to respond to the Order to Show Cause regarding filing fees or in forma pauperis (IFP) application.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Plaintiffs request **de novo review** by the District Judge of the portions of the Recommended Decision recommending dismissal. These Objections are timely filed within the 14-day period. Plaintiffs respectfully urge the Court to **reject the recommendation**, retain Rod Downing as a plaintiff, and allow supplementation or belated IFP filing as justice requires. Dismissal at this stage would be unjust, prejudicial to complete relief against the Town of Berwick, and inconsistent with the extraordinary circumstances created by Defendants' own unconstitutional conduct.

## I. PROCEDURAL BACKGROUND AND THE TOWN'S ROLE IN CREATING THE CHAOS

This action arises directly from the Town of Berwick's **systematic violations** of 17 M.R.S. §§ 2851–2857 (dangerous buildings), their own Land Use Ordinance, the U.S. and Maine Constitutions, the ADA, and basic due process after the March 2026 fire at 17 Rileys Run.

The Town:

- Seized and "secured" the property **without personal service of notice** (§ 2857), **without any adjudicatory hearing**, and **without competent inspection** allowing Plaintiffs to participate.
- Completely denied access, leading to Plaintiff Guay's retaliatory arrest on March 25, 2026, while he attempted lawful remediation.
- Through their own negligent securing, allowed weather, looting, and deterioration to escalate manageable fire damage into near-total destruction — conditions they now weaponize.
- Provided **zero reasonable accommodations** for Plaintiffs' documented disabilities (Guay: lumbar disc injuries, arthritis, PTSD, knee issues; Mary: rotator cuff, PTSD; Rod: Asperger's/ASD with executive function challenges under stress).

These violations created the precise emergency, displacement, financial devastation, and logistical nightmare that made timely compliance with the Show Cause Order extraordinarily difficult for a pro se family already fighting for their home and rights.

The Recommended Decision treats this as ordinary neglect. It is not. It is the direct, foreseeable result of the Town's procedural sabotage and blockade.

## II. GOOD CAUSE EXISTS FOR NON-COMPLIANCE — EXCUSABLE NEGLECT AND EXTRAORDINARY CIRCUMSTANCES

Rod Downing did not willfully ignore the Order to Show Cause. Good cause and excusable neglect exist under the standards of Fed. R. Civ. P. 6(b) and relevant case law for the following reasons, all tied to Defendants' misconduct:

1. **Documented Disabilities and Executive Function Impairments**: Rod Downing has Asperger's Syndrome/ASD with traits that substantially impair processing, executive function, organization, and timely response under stress. The ongoing crisis — displacement with 18 cats into a single 10x12 bedroom, no insurance, no resources, family member in rehab, and constant threat of bulldozing/demolition of the family property — created precisely the high-stress environment that exacerbates these disabilities. The Town's failure to accommodate these disabilities in the underlying dangerous-building proceedings (and the cascading effects) directly contributed.

2. **Pro Se Status and Multi-Plaintiff Chaos**: Plaintiffs are pro se, with limited resources, operating primarily from smartphones after loss of studio/equipment in the fire and displacement. Darren Guay has shouldered the bulk of drafting, filing, and advocacy while managing his own disabilities and the emergency. The family has been in survival mode fighting the Town's void process (defective May 1 publication notice only, no hearing, self-created emergency, no evidence of actual public harm).

3. **Imminent Irreparable Harm from Town Actions**: The property faces active threat of bulldozing/demolition under the defective dangerous-building proceedings. Plaintiffs have filed parallel Emergency Ex Parte Motions for TRO/PI in both this Court and York County Superior Court (80B review) precisely because demolition is irreversible and would destroy evidence, property rights, and personal effects. The mental and logistical burden of racing to stop bulldozers while complying with fee orders is overwhelming.

4. **Financial Devastation Caused by the Town**: The Town's denial of access and escalation of damage destroyed Plaintiffs' ability to recover belongings or stabilize the property. No insurance proceeds. Ongoing costs of displacement, legal filings, and advocacy against the Town have strained resources to the breaking point. IFP was the intended path; the crisis delayed execution.

5. **ADA and Due Process Overlay**: The same Town that violated Title II of the ADA by denying accommodations in code enforcement created the conditions making court compliance difficult. Dismissing claims without considering these circumstances compounds the discrimination.

These are not ordinary circumstances. They are the direct product of the Town of Berwick's violations of every procedural safeguard in 17 M.R.S. §§ 2851–2857, their Land Use Ordinance, and the Constitution. Equity demands flexibility, not dismissal.

## III. DISMISSAL IS NOT REQUIRED AND WOULD CAUSE PREJUDICE

The Recommended Decision correctly notes that dismissal under Fed. R. Civ. P. 41(b) and Local Rule 41.1 is discretionary. Rod Downing's claims are **not frivolous**. He is a named mortgage holder and documented occupant with a direct property interest. His claims for due process violations, unreasonable seizure, takings, ADA violations,

and related relief are identical in substance to Darren and Mary's and arise from the same facts.

Dismissal without prejudice still prejudices Plaintiffs:

- It fragments the case and weakens the presentation of the full scope of harm against the Town.
- It risks statute of limitations or other procedural traps in a fast-moving emergency.
- It rewards the Town's strategy of creating chaos to wear down pro se litigants fighting unconstitutional government action.

Rod Downing can and will supplement with a belated IFP application or fee payment if the Court prefers. Alternatively, the Court can retain him as a plaintiff while directing prompt compliance. The interests of justice and complete adjudication of the constitutional violations strongly favor retention.

## IV. REQUESTED RELIEF

Plaintiffs respectfully request that the District Judge:

1. **Reject the Recommended Decision** insofar as it recommends dismissal of Rod Downing's claims.
2. **Retain Rod Downing as a plaintiff** in this action.
3. **Allow Rod Downing** (or Plaintiffs on his behalf) to file a supplemental IFP application or pay any required fee within 14 days (or such other reasonable time as the Court sets), or grant any other relief to cure the procedural defect.

4. **Consider these Objections and the attached/forthcoming Emergency Ex Parte Motion for TRO/PI** (filed concurrently or to be filed) in light of the ongoing imminent threat of bulldozing/demolition and the Town's pattern of due process violations.

5. Grant such other and further relief as the Court deems just, including coordination with the parallel state court 80B proceeding in York County Superior Court.

Plaintiffs continue to pursue all claims vigorously against the Town of Berwick for its violations of statutes, codes, due process, and constitutional rights that turned a manageable fire into total loss and ongoing displacement. The show cause non-compliance was excusable under the extraordinary circumstances the Town created.

**CERTIFICATE OF SERVICE** I hereby certify that on June __, 2026, a true and correct copy of these Objections was served on all counsel of record and pro se parties via the Court's CM/ECF system and/or first-class mail where required.

Respectfully submitted

*DARREN GUAY*

Darren Guay (Pro Se, Authorized Representative for all Plaintiffs)

25 Tamarack Drive,

South Berwick, ME 03908

(207) 200-6982 |

 DARRENGUAY@GMAIL.COM

Date: June _16_, 2026