UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DARREN GUAY, *et al.*, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00179-LEW |
| | ) | |
| TOWN OF BERWICK, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## <u>ORDER ON MOTION AND PROCEDURAL ORDER</u>

This matter returns with noteworthy developments.  Among them, the United States Magistrate Judge has recommended the dismissal of Rod Downing's claims due to his failure to respond to the Order to Show Cause that required him to file a completed application to proceed without prepayment of fees or else pay the filing fee.  Recommended Decision (ECF No. 19).  Additionally, the Town of Berwick has executed a waiver of service through its counsel and is now a party to this action.  Waiver of Service (ECF No. 21).  Finally, as alleged by Plaintiffs, the Town has issued an abatement order requiring Plaintiffs to see to the demolition of the subject property on or before June 19, 2026.  It is not apparent that the Town is presently prepared to demolish the subject property if Plaintiffs fail to do so by the deadline.

### A.     Recommended Decision and Objection

The matter is before the Court on Plaintiffs' Objection (ECF No. 23) to the Recommended Decision.  Plaintiffs ask for 14 more days to comply with the Order to Show Cause (ECF No. 14).  The Objection is GRANTED IN PART and DENIED IN PART.  Rod Downing has 14 days from the date of this Order to comply with the Order to Show Cause.  Until such time as Rod Downing complies, he will not be permitted to participate in this litigation as a party plaintiff.  He may otherwise participate as a

1

witness.  The Magistrate Judge's Recommended Decision is RESERVED pending compliance and will be affirmed and adopted in the event of noncompliance.

**B.      Plaintiffs' May 25, 2026 Motion**

The matter is also before the Court on Plaintiffs' pleading entitled Plaintiffs' Notice of Inability to Meet Town's May 19, 2026 Deadline, Motion for 30-Day Extension, Supplemental Statement of Ongoing Violations, and Request for Ex Parte Young Injunctive Relief (ECF No. 17).  Through this pleading, Plaintiffs request the following relief, all of which is DENIED: (1) a "30-day extension of any response or supplementation deadline in this federal action"; (2) an order that the Town "grant Plaintiffs access to 17 Rileys Run for a minimum of 14 days to inspect, stabilize, and retrieve property"; (3) a declaration that the Town's dangerous building proceedings are null and void; (4) and an order to preserve all evidence. Because there are no pending deadlines to extend, and because Plaintiffs otherwise appear intent on expedited proceedings, the first request is denied without prejudice.  Plaintiffs may seek the extension of deadlines as they are imposed or come due, as needed.  Plaintiffs' second request is denied for the reasons previously stated in orders on prior requests for emergency relief of this kind.  The third request is denied because it goes to the merits.  Plaintiffs cannot prevail in this action based on the pleadings alone.  The fourth request is also denied, there being no cause to anticipate the destruction of any evidence associated with the Plaintiffs' claims.

**C.      Plaintiffs' June 16, 2026 Motion**

The matter is also before the Court on a pleading entitled Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction [ ] (Relief Requested IMMEDIATELY Without Notice to Prevent Irreversible Bulldozing/Demolition) (ECF No. 22).  In this pleading, Plaintiffs request the following relief, which is DENIED IN PART and GRANTED IN PART:  a temporary restraining order ("TRO") prohibiting the destruction of the property or interference with it while this matter is pending; a TRO prohibiting the Town from taking further enforcement action adverse to Plaintiffs on the municipal "dangerous-building" proceeding; an order expediting proceedings on Plaintiffs' request for preliminary injunction; an order directing the Town to permit access to the property, preserve evidence, and maintain

2

the status quo; and order that coordinates these proceedings with parallel Rule 80B proceedings pending in state court.

The Court denies the Plaintiffs' request for relief in the nature of a temporary restraining order, including their request that the Town afford access to the property and preserve evidence. The request for coordination of proceedings is also denied. It is up to the parties to keep the Court informed of parallel proceedings, if necessary. The Court does not coordinate its proceedings with parallel state court 80B proceedings through its own efforts. The Court also declines to order the Town to stay municipal proceedings related to the property. Thus, the Town may continue to hold any necessary hearings to advance the matter toward a resolution. However, the Court anticipates that the Town will not actually demolish or destroy the property before the Court can resolve the pending Motion for Preliminary Injunction (ECF No. 15). As for the Motion for Preliminary Injunction, the Court will grant the Plaintiffs' request for an expedited briefing schedule and adjust the schedule stated in its May 7, 2026 Order (ECF No. 16).

**CONCLUSION**

The Objection (ECF No. 23) to the Recommended Decision is GRANTED IN PART as to the request for more time and OTHERWISE DENIED. The Recommended Decision (ECF No. 19) is RESERVED and will be adopted unless Plaintiff Rod Downing complies with the Order to Show Cause within 14 days of this Order.

Plaintiffs' May 25, 2026 Motion (ECF No. 17) is DENIED.

Plaintiffs' June 16, 2026 Motion is GRANTED IN PART as to the request to modify the briefing schedule and OTHERWISE DENIED. The Town of Berwick will respond to the Motion for Preliminary Injunction (ECF No. 15) on or before July 10, 2026. Plaintiffs will file their reply on or before July 17, 2026. The Town's deadline to answer the Complaint is not modified.

SO ORDERED.

Dated this 17th day of June, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge