Case 2:26-cv-00179-LEW    Document 31-2    Filed 07/21/26    Page 1 of 5    PageID #: 261

Case No. 2:26-cv-00179-LEW

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

DARREN GUAY, MARY DOWNING, and
RODNEY DOWNING,

Plaintiffs,

v.

TOWN OF BERWICK,

Defendant.

Case No. 2:26-cv-00179-LEW

**PLAINTIFFS' NOTICE OF FILING OF VERBATIM HEARING RECORD AND
IDENTIFICATION OF MATERIAL ADMISSIONS FROM THE APRIL 21, 2026
PUBLIC HEARING**

## I. NOTICE OF FILING

Plaintiffs Darren Guay, Mary Downing, and Rodney Downing hereby give notice that they are

filing contemporaneously with this Notice the Verbatim Record of the Public Hearing and

Decision on 17 Riley's Run held by the Town of Berwick Select Board on April 21, 2026 (the

"Verbatim Record"). The Verbatim Record is the independent contemporaneous record of the

hearing that produced the Findings and Order the Town now seeks to enforce. Plaintiffs request

that the Court take judicial notice of the Verbatim Record pursuant to Federal Rule of Evidence

201 and consider the material admissions identified below in ruling on Plaintiffs' pending

Renewed Motion for Temporary Restraining Order and Preliminary Injunction.

## II. MATERIAL ADMISSIONS FROM THE VERBATIM RECORD

The Verbatim Record contains the following material admissions by Code Enforcement Officer

Terry Wilson and the Select Board that independently establish the constitutional and statutory

invalidity of the April 21, 2026 process:

### A. Wilson Admitted She Had No Direct Contact with the Property Owners

*Chair: "Have you had any direct contact with the individual who's the owner?"*

*Wilson: "I have not."*

Page 1 of 5

Case No. 2:26-cv-00179-LEW

Wilson further stated on the record that Rodney Downing's cell phone "is never on," that Linda Downing is in assisted living and "not mentally sound to talk about it," and that the only person she heard from "frequently is the tenant… Darren." This is a clean, contemporaneous admission that the Town never achieved personal notice on the actual property owners before ordering demolition of their home.

**B. Wilson Herself Confirmed Only a Three-Day Window for Retrieval of Personal Property**

*Wilson: "He was granted access over a 3-day weekend… That gave him a three-day window to get his belongings."*

This live testimony confirms the official minutes and conflicts with any suggestion in Wilson's later Declaration that a longer or more meaningful opportunity was provided. A three-day window given to persons with documented physical disabilities, while the structure remained open and dangerous, is not constitutionally adequate process.

**C. The Entire Dangerous-Building Determination Rested Solely on Wilson's Untested Lay Opinion**

Wilson's testimony contains no reference to any structural engineer, any load-bearing analysis, any professional inspection report, or any assessment beyond her visual observation and personal belief. She stated: "in my opinion, the building was a total loss… I do not see the residences being able to be rehabilitated at all… I do believe it is a total loss." The Select Board accepted that untested opinion as sufficient to order the permanent destruction of the structure and to post the entire three-acre parcel. Due process requires more than the untested visual impressions of a single code enforcement officer when the deprivation is this severe. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Case No. 2:26-cv-00179-LEW

**D. The Board's Own Order Imposed Restrictive Access Conditions That Contradict the Town's Current Litigation Position**

The motion that passed requires that any removal of personal property "must be scheduled in advance with the town and you must be accompanied by a representative from the town in order to access the building." This contemporaneous order directly contradicts the Town's current representation to this Court (Wilson Decl. ¶ 58) that it "would not object" to Plaintiffs accessing the property at their own risk. The Board's own order requires Town accompaniment—an additional barrier never disclosed as having been lifted.

**E. Neighbor Testimony Focused on Unproven Allegations of Drug Activity Drove the Decision to Restrict the Entire Parcel**

The public comments from Mark Davis, Richard Hopley, and Joanna Walker centered on alleged long-term drug activity, "meth," tents, and fear of camping. The Board's decision to post the entire three-acre property and to severely restrict access appears driven in significant part by those unproven assertions rather than any engineering evidence concerning the structure itself.

**III. LEGAL SIGNIFICANCE**

These contemporaneous admissions establish:

(1) The Town never achieved personal notice on the actual property owners, rendering publication under 17 M.R.S. § 2857 unauthorized and the entire process void *ab initio*;

(2) The only retrieval opportunity provided was a three-day window given to known disabled occupants while the structure remained open;

(3) The demolition order rests solely on untested lay opinion and is therefore unreliable under *Mathews v. Eldridge*;

(4) The Board's own access restrictions are more severe than the position the Town is now taking before this Court; and

(5) The decision to post the entire three-acre parcel was influenced by unproven neighbor allegations rather than competent structural evidence.

These facts independently require that the April 21, 2026 Findings and Order be declared void and that Plaintiffs be granted immediate unsupervised access to 17 Riley's Run at their own risk.

## IV. REQUEST FOR RELIEF

Plaintiffs respectfully request that the Court:

(1) Take judicial notice of the Verbatim Record of the April 21, 2026 Public Hearing;

(2) Consider the material admissions identified above in ruling on Plaintiffs' Renewed Motion for Temporary Restraining Order and Preliminary Injunction;

(3) Declare the April 21, 2026 Findings and Order void *ab initio* for failure of mandatory notice and lack of reliable evidence; and

(4) Grant the Temporary Restraining Order and Preliminary Injunction requested in Plaintiffs' pending motions, including immediate unsupervised access to 17 Riley's Run at Plaintiffs' own risk.

Dated: July 19, 2026

Respectfully submitted,

\_\_\_\_   _____

Darren Guay, Pro Se

\_\_   _____

Mary Downing, Pro Se

Case No. 2:26-cv-00179-LEW



_____

Rodney Downing, Pro Se

25 Tamarack Drive
South Berwick, ME 03908
darrenguay@gmail.com
(207) 200-6982

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2026, a true and correct copy of the foregoing Notice, together

with the Verbatim Record of the April 21, 2026 Public Hearing, was served upon counsel for

Defendant Town of Berwick by CM/ECF and by first-class mail, postage prepaid, at the address

of record for Monaghan Leahy, LLP.



_____

Darren Guay