# DURABLE FINANCIAL POWER OF ATTORNEY

(18-A Maine Revised Statutes 5-508)

**THE POWERS YOU GRANT BELOW ARE EFFECTIVE
EVEN IF YOU BECOME DISABLED OR INCOMPETENT**

**CAUTION: THIS IS AN IMPORTANT DOCUMENT.  IT GIVES THE PERSON WHOM YOU DESIGNATE   (YOUR "AGENT") BROAD POWERS TO HANDLE YOUR PROPERTY DURING YOUR LIFETIME, WHICH MAY INCLUDE POWERS TO MORTGAGE, SELL, OR OTHERWISE DISPOSE OF ANY REAL OR PERSONAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL BY YOU. THESE POWERS WILL EXIST EVEN IF YOU BECOME DISABLED OR INCOMPETENT.  THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE DECISIONS FOR YOU.   YOU MAY EXECUTE A SEPARATE DOCUMENT FOR THAT PURPOSE.**

*"**Notice to the Principal**: As the "Principal," you are using this Durable Power of Attorney to grant power to another person (called the "Agent" or "Attorney-in-fact") to make decisions about your money, property or both and to use your money, property or both on your behalf. If this written Durable Power of Attorney does not limit the powers that you give your Agent, your Agent will have broad and sweeping powers to sell or otherwise dispose of your property and spend your money without advance notice to you or approval by you. Under this document, your Agent will continue to have these powers after you become incapacitated, and you may also choose to authorize your Agent to use these powers before you become incapacitated. The powers that you give your Agent are explained more fully in the Maine Revised Statutes, Title 18-A, sections 5-501 to 5-508 and in Maine case law. You have the right to revoke or take back this Durable Power of Attorney at any time as long as you are of sound mind. If there is anything about this Durable Power of Attorney that you do not understand, you should ask a lawyer to explain it to you.*

***Notice to the Agent**: As the "Agent" or "Attorney-in-fact," you are given power under this Durable Power of Attorney to make decisions about the money, property or both belonging to the Principal and to spend the Principal's money, property or both on that person's behalf in accordance with the terms of this Durable Power of Attorney. This Durable Power of Attorney is valid only if the Principal is of sound mind when the Principal signs it. As the Agent, you are under a duty (called a "fiduciary duty") to observe the standards observed by a prudent person dealing with the property of another. The duty is explained more fully in the Maine Revised Statutes, Title 18-A, sections 5-501 to 5-508 and Title 18-B, sections 802 to 807 and Chapter 9 and in Maine case law. As the Agent, you are not entitled to use the money or property for your own benefit or to make gifts to yourself or others unless the Durable Power of Attorney specifically gives you the authority to do so. As the Agent, your authority under this Durable Power of Attorney will end when the Principal dies and you will not have the authority to administer the estate unless you are authorized to do so in accordance with the Maine Probate Code. If you violate your fiduciary duty under this Durable Power of Attorney, you may be liable for damages and may be subject to criminal prosecution. If there is anything about this Durable*

*Power of Attorney or your duties under it that you do not understand, you should ask a lawyer to explain it to you."*

**KNOWN BY ALL PERSONS PRESENT, THAT:**

I, Linda Downing (name), 17 Rileys Run, Berwick, Maine, 03901 (address), "Principal", execute

this Durable Power of Attorney and do hereby make, constitute and appoint: Mary Downing

(name), 17 Rileys Run, Berwick, Maine, 03901 (address),

"Agent" or "Attorney-in-Fact", as my attorney-in-fact **TO ACT IN MY NAME, PLACE AND**

**STEAD** in any way which I myself could do as if I were personally present and to the extent that

I am permitted by law to act through an agent, pursuant to the following provisions:

1.  <u>EFFECTIVENESS OF POWER OF ATTORNEY</u>*:*

    This instrument is to be construed and interpreted as a general durable power of attorney effective <u>only upon my disability, incompetency or incapacity</u>.  It is my intent that the authority conferred herein upon my Agent shall be exercisable only upon my subsequent disability, incompetency or incapacity.  No person who may act in reliance upon the authority granted to my Agent herein shall incur any liability to me or my estate as a result of permitting my Agent to exercise any such power.

2.  <u>GRANT OF POWERS</u>: I grant to my Agent full power and authorization to do everything necessary in exercising any of the powers herein granted by this power of attorney as fully as I might or could do if personally present.  My agent shall have full power of substitution or revocation.  I hereby ratify and confirm all that my Agent lawfully does or causes to be done by virtue of this power of attorney and the powers herein granted.  My Agent shall have the power to exercise or perform any act, power, duty, right or obligation whatsoever that I now have or may hereinafter acquire, relating to any person, matter, transaction or property, real or personal,  tangible or intangible, now owned or hereafter acquired by me, including, without limitation, the following specifically enumerated powers:

    (a) <u>Powers of Collection and Payment</u>:

        (1) To forgive, request, demand, sue for, recover, collect, receive and hold all sums of money, accounts, annuities, bequests, bonds, certificates of deposit, checks, commercial paper, debts, deposits, devises, dividends, drafts, dues, insurance, interests, legacies, notes, pension, profit sharing, retirement, social security, stock certificates and other contractual benefits and proceeds, all documents of title, all property, real or personal, intangible or tangible, and property rights and demands whatsoever, liquidated or unliquidated, now or hereafter owned by, or due, owing, payable or belonging to, me or in which I have or may hereafter acquire an interest.

(2) To have, use, and take all lawful means and equitable and legal remedies and proceedings in my name for the collection and recovery thereof, and to adjust, sell, compromise, and agree for the same, and to execute and deliver for me, on my behalf, and in my name, all endorsements, releases receipts, or other sufficient discharges for the same.

(b) <u>Property Matters</u>:

(1) To acquire, purchase, exchange and sell, or grant options to sell, mortgage, pledge, lease, sell and convey real or personal property, tangible or intangible, or interests therein, on such terms and conditions as my Agent shall deem proper, with full authority to sign, endorse, execute and deliver any sales agreement, deed, bill of sale and all other instruments or documents pertaining to the sale of any of my real or personal property; and to enter into bonds, contracts, mortgages and deeds connected therewith.

(2) To sell, assign, transfer, convey, exchange, deed, mortgage, pledge, lease, let, license, demise, remise, quitclaim, bargain or otherwise dispose of any or all of my real estate, stocks, bonds, evidences of indebtedness and other securities and other personal tangible and intangible or mixed property, or any custody, possession, interest or right therein at public or private sale, upon such terms, consideration, and conditions as my said attorney shall deem advisable and to execute, acknowledge and deliver such instruments and writings of whatsoever kind and nature as may be necessary, convenient or proper in the premises.

(c) <u>Management Powers</u>: To maintain, repair, improve, invest, manage, insure, rent, lease, encumber, and in any manner deal with any real or personal property,  tangible or intangible, or any interest therein that I now own or may hereafter acquire in my name and for my benefit, upon such terms and conditions as my Agent shall deem proper;

(d) <u>Banking Powers</u>: To make, receive and endorse checks and drafts, deposit and withdraw funds, acquire and redeem certificates of deposit, in banks, savings and loan associations, and other institutions, execute or release such deeds of trust or other security agreements as may be necessary or proper in the exercise of the rights and powers herein granted;

(e) <u>Business Interests</u>: To conduct or participate in any lawful business of whatever nature for me and in my name; to execute partnership agreements and amendments thereto; to incorporate, reorganize, merge, consolidate, recapitalize, sell, liquidate or dissolve any business; to elect or employ officers, directors and agents; to carry out the provisions of any agreement for the sale of any business interest or the stock therein; and to exercise voting rights with respect to stock, either in person or by proxy, and to exercise stock options;

(f) <u>Safe Deposit Boxes</u>: To have access at any time or times to any safe deposit box rented by me, wheresoever located, and to remove all or part of the contents thereof, and to surrender or relinquish said safe deposit box, and any institution in which any such safe deposit box may be located shall not incur any liability to me or my estate as a result of permitting my Agent to exercise this power;

(g) <u>Power to Hold Property and Make Investments</u>: The power to hold or acquire any property, real or personal, or securities, regardless of whether such property or securities are a so-called "Legal" investment, where such course is, in the said Agent's opinion, for my best interest;

(h) <u>Power to Borrow</u>: To borrow any sum or sums of money on such terms (including the power to borrow against the cash surrender value of any life insurance policy issued on my life), and with such security, whether real or personal property, as my Agent may think fit, and for that purpose to execute all promissory notes, bonds, mortgages, deeds of trust, security agreements, and other instruments which may be necessary or proper;

(i) <u>Disclaimer</u>: To exercise or release powers of appointment in whole or in part and to disclaim or renounce in whole or in part any interest that I might otherwise have as a joint owner, beneficiary, heir or otherwise and in exercising such discretion, my Agent may take into account such matters as shall include but shall not be limited to any reduction in estate or inheritance taxes on my estate, and the effect of such renunciation or disclaimer upon persons interested in my estate and persons who would receive the renounced or disclaimed property;

(j) <u>Trusts</u>: To transfer, assign and convey any property or interest in property, the legal or equitable title to which is in my name, to any trust of which I am the primary beneficiary during my lifetime and under the terms of which I expressly have the power to amend or revoke such trust, and to exercise any right of withdrawal of income and/or principal which I may have pursuant to the terms and conditions of such trust, whether such trust was created before or after the execution of this power of attorney;

(k) <u>Power to Change Beneficiaries on Any Insurance Policies on my Life</u>: To change the beneficiaries on any insurance policies on my life; provided, however, that neither such right and power, nor any other rights and powers, shall be exercisable with respect to any policies of life insurance which may at any time be owned by me on the life of my Agent herein named.

(l) <u>Executing Government Vouchers</u>.  To execute vouchers in my behalf for any and all allowances, compensation and reimbursements properly payable to me by the Government of the United States or any agency or department thereof.

(m) <u>Depositing Money and Other Property</u>.  To deposit in my attorney's or my name, or jointly in both our names, in any banking institution, funds or property, and to withdraw any part or all of my deposits at any time made by me in my behalf.

(n) <u>Recovering Possession of Property.</u>  To eject, remove or relieve tenants or other persons from, and recover possession of, any property, real, personal or mixed in which I now or hereafter may have an interest.

(o) <u>Litigation</u>.  To institute, maintain, defend, compromise, arbitrate or otherwise dispose of, any and all actions, suits, attachments or other legal proceedings for or against me.

(p) <u>Tax Returns</u>.  To prepare and execute any tax returns, including, but not limited to, Federal income tax returns, State income tax returns, Social Security tax returns, and Federal and State information and estimated returns; to execute any claims for refund, protests, applications for abatement, petitions to the United States Board of Tax Appeals or any other Board or Court, Federal or State, consents and waivers to determination and assessment of taxes and consents and waivers agreeing to a later determination and assessment of taxes than is provided by statute of limitations; to receive and endorse and collect any checks in settlement of any refund of taxes; to examine and to request and receive copies of any tax returns, reports and other information from the United States Treasury Department or any other taxing authority, Federal or State, in connection with any of the foregoing matters.

(q) <u>Automobiles</u>.  To execute and deliver to the proper persons and authority any and all documents, instruments and papers necessary to effect proper registration of any automobile in which I now or may hereafter have an interest, or the sale thereof and transfer of legal title thereto as required by law, and to collect and receipt for all monies paid in consideration of such sale and transfer.

3. <u>MISCELLANEOUS</u>:  I grant to the Agent named herein the following additional powers of authority:

(a) In the event any agent named herein should be of the opinion at any time that she or he does not have the expertise to manage all or any part of my assets, I grant to said Agent the right and power to delegate the management powers hereinabove granted over all or any part of my assets to any person(s) or firm(s), and to enter into any management or agency agreements with said person(s) or firm(s), pertaining thereto, with the right on the part of the Agent named herein to revoke and cancel any such agreement at any time upon ninety (90) days' written notice to said person(s) or firm(s).

(b) I grant full and absolute authority to the Agent named herein, on a noncumulative, yearly basis, to make gifts to my children, in trust or otherwise, as well as to their spouses, and to their children, in trust or otherwise, with the amount of gifts to each such person each year not to exceed that amount which is excludable from the total amount of gifts made during such year under Section 2503(b) Internal Revenue Code of 1986, as amended from time to time.

(c) I further authorize and empower the Agent named herein to use and apply so much of the income and principal of the assets comprising my estate as may be necessary or desirable,

in the sole discretion of said Agent, for my maintenance and support.  Any provision herein to the contrary notwithstanding, the Agent shall have no power or authority to use or apply the principal to discharge any legal obligation that the agent or any other person may have to support me or any dependent or beneficiary or mine, except to the extent that there are no assets reasonably available to the person having the obligation of support to pay the same.

(d) I further authorize and empower my Agent to engage, employ and dismiss any agents, clerks, servants, attorneys-at-law, accountants, investment advisors, custodians, or other persons in and about the performance of these presents as my Agent shall think fit.

Any decisions made by the said Agent with respect to the matters set forth hereinabove in sections 3(b), 3(c), and 3(d) shall be final, binding and conclusive upon all of the beneficiaries of my estate, and said Agent shall be released and discharged of and from all liability for any such decisions that she or he may make in good faith with respect thereto.

### GRANT OF SPECIFIC AUTHORITY (OPTIONAL)

My agent MAY NOT do any of the following specific acts for me UNLESS I have INITIALED the specific authority listed below:

(CAUTION: Granting any of the following will give your agent the authority to take actions that could significantly reduce your property or change how your property is distributed at your death. INITIAL ONLY the specific authority you WANT to give your agent.)

(_____) Create, amend, revoke, or terminate an inter vivos trust

(_____) Make a gift, subject to the limitations of the Maine Uniform Power of Attorney Act and any special instructions in this power of attorney

(_____) Create or change rights of survivorship

(_____) Create or change a beneficiary designation

(_____) Authorize another person to exercise the authority granted under this power of attorney

(_____) Waive the principal's right to be a beneficiary of a joint and survivor annuity, including a survivor benefit under a retirement plan

(_____) Exercise fiduciary powers that the principal has authority to delegate

(_____) Disclaim or refuse an interest in property, including a power of appointment]

## LIMITATION ON AGENT'S AUTHORITY

An agent that is not my ancestor, spouse or descendant MAY NOT use my property to benefit the agent or a person to whom the agent owes an obligation of support unless I have included that authority in the Special Instructions.

## SPECIAL INSTRUCTIONS (OPTIONAL)

You may give special instructions on the following lines:

_____

4. <u>INTERPRETATION AND GOVERNING LAW</u>: This instrument is to be construed and interpreted as a general durable power of attorney. The enumeration of specific powers herein is not intended to, nor does it, limit or restrict the general powers herein granted to my Agent. This instrument is executed and delivered in the State of Maine, and the laws of the State of Maine shall govern all questions as to the validity of this power and the construction of its provisions. This instrument is intended to be effective in all states of the United States and in all foreign countries.

5. <u>INDEMNITY</u>: I hereby bind myself to indemnify my Agent and any successor who shall so act, against any and all claims, demands, losses, damages, actions and causes of action, including expenses, costs and reasonable attorneys' fees which my Agent at any time may sustain or incur in connection with carrying out the authority granted her or him in this power of attorney.

6. <u>NOMINATION OF GUARDIAN OR CONSERVATOR</u>:  In the event court proceedings are hereafter commenced to appoint a guardian, conservator or other fiduciary to take charge of my person, or to manage and conserve my property, I hereby nominate and appoint my Agent above-named, as my guardian, conservator, or other fiduciary, to serve without bond unless otherwise required by a court of competent jurisdiction.

7. <u>REVOCATION</u>:  This general durable power of attorney may be voluntarily revoked by me by written instrument signed by me and delivered to my Agent.  My guardian may also revoke this instrument by written instrument signed by him or her and delivered to my Agent. Any affidavit executed by my Agent stating that she or he does not have, at the time of doing any act pursuant to this power of attorney, actual knowledge of the revocation or termination of this power of attorney, is, in the absence of fraud, conclusive proof of the nonrevocation or nontermination of the power at that time.

8. <u>DEATH</u>:  My death shall not revoke or terminate this agency as to my Agent or any other person who, without actual knowledge of my death, acts in good faith under this power of

attorney.  Any action so taken, unless otherwise invalid or unenforceable, shall be binding upon me and my heirs, devises, and personal representatives.

9. <u>SUBSTITUTE AGENT</u>: If Mary Downing ceases to act as my Agent due to death, incapacity, or resignation, I appoint n/a, to serve as my Agent.

10. <u>JOINT POWER</u>: If I name two persons to serve as my Agent hereunder, it is my intent that the power granted to them shall be a joint power, which shall and must be exercised by them together as they may from time to time act on my behalf.  No action or transaction requiring a signature will be effective or binding without both such persons' signatures affixed to the written instrument(s) reflecting the action or transaction.

FURTHER, I do authorize my aforesaid attorney to execute, acknowledge and deliver any instrument under seal or otherwise, and to do all things necessary to carry out the intent hereof, hereby granting unto my said attorney full power and authority to act in and concerning the premises as fully and effectually as I may do if personally present.

PROVIDED, however, that all business transacted hereunder for me or for my account shall be transacted in my name, and that all endorsements and instruments executed by my said attorney for the purpose of carrying out the foregoing powers shall contain my name, followed by that of my said attorney and the designation "attorney-in-fact".

My agent is entitled to reasonable compensation and reimbursement for reasonable expenses for services rendered as agent under this power of attorney, if desired.

**TO  INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A  DULY  EXECUTED  COPY  OR  FACSIMILE OF  THIS  INSTRUMENT  MAY  ACT  HEREUNDER,  AND  THAT  REVOCATION OR  TERMINATION  HEREOF  SHALL  BE  INEFFECTIVE  AS  TO  SUCH  THIRD PARTY  UNLESS  AND  UNTIL  ACTUAL  NOTICE  OR  KNOWLEDGE  OF  SUCH REVOCATION  OR  TERMINATION  SHALL  HAVE  BEEN  RECEIVED  BY  SUCH THIRD PARTY, AND I FOR MYSELF  AND  FOR  MY HEIRS,  EXECUTORS, LEGAL  REPRESENTATIVES  AND  ASSIGNS,  HEREBY  AGREE  TO  INDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND AGAINST  ANY AND  ALL  CLAIMS  THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PROVISIONS OF THIS INSTRUMENT.**

**THIS DURABLE GENERAL POWER OF ATTORNEY MAY BE REVOKED BY ME AT ANY TIME.**

Signed this __20__ day of september, 20 23 .

_____
_Linda Downing_
Linda Downing

State of Maine
County of YORK


The foregoing instrument was acknowledged before me this the _____ day of
_____,20_____ by Linda Downing to be his/her free act and deed.

_____
Notary Public

Print Name: _____

My Commission Expires:

_____