UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DARREN GUAY, *et al.*, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00179-LEW |
| | ) | |
| TOWN OF BERWICK, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON RECOMMENDED DECISION, RELATED ORDER TO SHOW CAUSE, PLAINTIFFS' MOTION FOR LEAVE TO FILE, EMERGENCY MOTION FOR IMMEDIATE RULING AND MOTION FOR <u>PRELIMINARY INJUNCTION</u>**

This matter returns following service of the Defendant Town of Berwick and the Town's filing of its Opposition (ECF No. 28) to Plaintiff Mary Downing and Darren Guay's Motion for Preliminary Injunction (ECF No. 22), which, following Plaintiffs' recent Reply (ECF No. 31), is now under advisement. Also ready for disposition are the Magistrate Judge's Recommended Decision (ECF No. 19) and the related order to show cause contained in the June 17, 2026, Order on Motion and Procedural Order (ECF No. 24); Plaintiffs' Motion for Leave to File Out of Time and Request that the Court Consider the Attached Submissions Notwithstanding Lateness (ECF No. 29); and Plaintiffs' Emergency Request for Immediate Ruling or Status Conference (ECF No. 30).

The following rulings are based on a familiar factual background and legal standards that have been set out in prior orders concerning the evidentiary and legal requirements for obtaining extraordinary relief in the form of a temporary restraining order or preliminary

injunction.  The reader's familiarity with the facts and law stated in those prior orders is assumed.

## A.    RECOMMENDED DECISION AND ORDER TO SHOW CAUSE

Rod Downing has never provided the Court with a suitable affidavit demonstrating his inability to pay the filing fee.  The Magistrate Judge recommended that he be dismissed from the case unless he either attends to the need for a financial affidavit or else pays his filing fee.  In my Order on Motion and Procedural Order I reserved the recommendation and extended the deadline for compliance.  Mr. Downing has responded to the order to show cause (*see* ECF No. 26), but he still has not complied with the affidavit requirement. Instead, he proposes that the Court relieve him of the burden of proving his indigency because the Town is, allegedly, responsible for his current financial difficulties, which he does not otherwise demonstrate by affidavit.  I now ACCEPT AND ADOPT the Recommended Decision and DISMISS Rod Downing from this case for the reasons outlined in the Recommended Decision and for his second failure to properly respond to an order to show cause.[1]

## B.    PLAINTIFFS' MOTION FOR LEAVE TO FILE

Plaintiffs did not file a timely reply to the Town's Opposition.  They did, however, file a belated reply and a Motion for leave to do so.  Plaintiff's Motion for Leave (ECF No.

---

[1] Plaintiffs Darren Guay and Mary Downing filed a document titled Irrevocable Authorization and Power of Attorney (ECF No. 31-8) with which they evidently intend to establish their right to represent Rodney Downing "with respect to all matters concerning the real property located at 17 Riley's Run, Berwick, Maine."  The document appears to bear an electronic signature by Mr. Downing.  However, the document is not notarized.  Additionally, even if the document were notarized, it would not entitle Mr. Guay and Ms. Downing to represent Mr. Downing in this Court.  As non-lawyers, they may represent only themselves. *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *United States v. Ponte*, 246 F. Supp. 2d 74, 80 (D. Me. 2003).

29) is GRANTED and the Court will consider the belated Reply and related exhibits (ECF No. 31).

C.    **PLAINTIFFS' EMERGENCY MOTION FOR IMMEDIATE RULING**

Plaintiffs have filed an Emergency Request for Immediate Ruling or Status Conference (ECF No. 30). As cause, they explain that the Town's April order setting a July deadline for demolition of the property has expired. They also note that the Town's underlying hearing and its order were merely noticed by the Town in newspapers and that they did not receive personal notice of either the hearing or the resulting order.

Maine law does require notice, but only that notice be served on "the owner and parties in interest." 17 M.R.S. § 2857. Mr. Guay and Ms. Downing have not demonstrated that they qualify as either owners or parties in interest for purposes of receiving notice of a dangerous building proceeding. In fact, their declarations merely indicate that they were occupants of the property. M. Downing Aff. ¶ 2 (ECF No. 31-6); D. Guay Aff. ¶ 2 (ECF No. 31-5). Parties in interest are more than mere occupants. *See* 17 M.R.S. § 2851 (cross-referencing 14 M.R.S. § 6321 ("'Parties in interest' includes mortgagors, holders of fee interest, mortgagees, lessees pursuant to recorded leases or memoranda thereof, lienors and attaching creditors . . . .")). Assuming for the sake of argument that the Town's effort to serve Rod Downing was inadequate, neither Mr. Guay nor Ms. Downing may bring a putative due process claim premised on lack of service on Mr. Downing's behalf in this forum, because neither Mr. Guay nor Ms. Downing is an attorney. *See Herrera-Venegas*, 681 F.2d at 42; *Ponte*, 246 F. Supp. 2d at 80. Moreover, Maine law provides a means of redress in state court through a petition for judicial review. The alleged service defect can

be presented in such a proceeding and presumably was ascertainable to Mr. Downing within days of the Town's hearing, given Mr. Guay's observation of the same and his related filings in this Court.

Plaintiffs also emphasize that they received only three days to retrieve property from the wreckage.  The fact that they received little time and little notice about the limitation on their ability to freely retrieve items of personal property is not proof that extraordinary relief is required now in the form of a preliminary injunction.  The question for now is whether they can access the personal property prospectively without a court order.  For reasons that will be addressed below in the context of the Motion for Preliminary Injunction I conclude that they can.

Plaintiffs also assert that the Town determined that their former residence is dangerous based on the mere representation of the Town's code enforcement officer, since no expert was asked to opine at the municipal hearing.  They say that in the absence of an expert opinion from an engineer the Town's finding that the building is dangerous was not supported by substantial evidence.  I am not persuaded that Plaintiffs are likely to succeed in showing that a violation of the United States Constitution occurred based on the quality of the evidence of dangerousness presented at the municipal hearing.  In particular, a review of the photographic evidence does not strongly suggest that the assessment or determination of dangerousness lacked support in the record (or in common sense).  For instance, it does not appear likely that this property is a candidate for rehabilitation rather than demolition or that rummaging through the remains would not present a hazard. Plaintiffs have never seriously suggested, let alone demonstrated, otherwise. As the party

4

seeking the preliminary injunction, Plaintiffs are expected to make a strong showing in this regard.  They have not done so.  Plaintiff's Emergency Request with its updated challenges is DENIED.

**D.      PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff's Motion for Preliminary Injunction (*see* ECF Nos. 15 & 22) is now under advisement.  The Town's Opposition to the Motion has proved helpful to the Court's assessment of whether a preliminary injunction is required to preserve Plaintiffs' access to the personal property situated in or on the condemned premises.  It is not.

The Town of Berwick Findings and Order (ECF No. 28-5) specify, among other things, "If there are personal items in the building that you plan to remove before demolition, you must schedule that in advance with the Town and you must be accompanied by a representative from the Town in order to access the building and remove said items."  In its Opposition, the Town has reiterated this point, writing, "The Town has no current plans to demolish the residence on the Property.  The Town intends to wait until this lawsuit is resolved before taking any further steps toward demolition of the residence on the Property."  Opposition at 8 (ECF No. 28).  Furthermore, "The Town would not object to the Plaintiffs accessing the Property at their own risk to retrieve personal property and perform mitigation measures, provided that the owner or his authorized agent obtain the appropriate permit from the Town before engaging in any activities to demolish the residence on the Property or to rebuild or repair the residence on the Property."  *Id.*  In other words, Plaintiffs can arrange for access at their own risk to retrieve personal property. However, they cannot perform demolition or reconstruction without the required permit.

5

Given this state of affairs, I see no cause for a hearing or need for a preliminary injunction.

The Court will not dictate the process through which Plaintiffs and the Town coordinate the timing and circumstances of the removal of Plaintiffs' personal property from the premises. The parties will need to work cooperatively and in good faith to facilitate that basic process and it perplexes me that it should take an order from a federal court to say so. They should be up to the task. As for Plaintiffs' assertion that they should have free access to the building without any municipal representative being present, this preference does not find any basis in the United States Constitution. The municipal representative can be present for safety purposes without invading Plaintiffs' privacy.

Plaintiffs have also introduced into their motion papers the idea that this Court should issue a decree stating that they have the right to live somewhere else on the three-acre property. Reply at 9 (ECF No. 31). But Plaintiffs are not the owners of the property and cannot represent the owner or owners' interest here. Moreover, Plaintiffs have not made a strong showing that it would be a violation of their own constitutional rights to condition their ability to inhabit some other corner of the property on the owner's observation of municipal permitting requirements. More directly to the point, the administration of that permitting process is not likely to be by judicial decree, or even subject to judicial review by a federal district court judge in the first instance, rather than a state court judge with statutory authority to resolve such controversies on a petition for judicial review under Rule 80B of the Maine Rules of Civil Procedure.

In short, the need for injunctive relief related to personal property access or temporary housing is unsupported by a strong showing. The Town is willing to coordinate

6

access to the property for personal property retrieval purposes.  In the final analysis, "trial courts have wide discretion in making judgments regarding the appropriateness of such relief." *Francisco Sánchez v. Esso Standard Oil Co.*, 572 F.3d 1, 14 (1st Cir. 2009). Because Plaintiffs have failed to demonstrate that the protection of substantial federal rights depends on an award of preliminary injunctive relief allowing unfettered access to the burned-out residence or permitting alternative housing elsewhere on the property, Plaintiff's Motion for Preliminary Injunction is DENIED.

## CONCLUSION

Plaintiffs Mary Downing and Darren Guay's Motion for Leave to File (ECF No. 29) is GRANTED.  Plaintiffs' Renewed Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 15), Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 22), and Emergency Request for Immediate Ruling or Status Conference (ECF No. 30) are DENIED.

The Recommended Decision (ECF No. 19) concerning Rodney Downing's status as a party plaintiff is ACCEPTED AND ADOPTED and the claims of Rodney Downing are HEREBY DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated this 23rd day of July, 2026.

/s/ Lance E. Walker
CHIEF UNITED STATES DISTRICT JUDGE

7